IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Criminal No. 3:97cr352-02

MICHAEL GILBERT

**MEMORANDUM OPINION**

This matter is before Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 254) and having considered the motion, the RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 257), the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER THE FIRST STEP ACT (ECF No. 260), the SUR-REPLY OF THE UNITED STATES TO DEFENDANT'S MOTION PURSUANT TO THE FIRST STEP ACT (ECF No. 262), as well as the file and the Presentence Report, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 254) will be denied.

**BACKGROUND**

Michael Gilbert was convicted of conspiracy to possess with intent to distribute cocaine, possess with intent to distribute and distribute cocaine base, and possess with intent to distribute and distribute heroin, all in violation of 21 U.S.C. § 846. The Presentence Report was accepted, adopted and filed as tendered,

there being no objections to it. Gilbert was held accountable for more than 1.5 kilograms of cocaine base and 1 kilogram of heroin. The Presentence Report assessed a 2-point enhancement for the presence of guns (U.S.S.G. § 2D.1(b)(1)) and a 4-point enhancement for Gilbert's leadership role in the offense (U.S.S.G. § 3B1.1(a)). He was given a 3-point reduction for acceptance of responsibility (U.S.S.G. § 3E1.1). His criminal history category was VI. As a result, Gilbert's guidelines calculations were 360 months to life imprisonment. That is still the guidelines calculation.[1]

## DISCUSSION

The threshold question in this case is whether Gilbert is eligible for relief under Section 404 of the First Step Act. The United States contends that eligibility for reduction is to be determined by the amount of controlled substance found by the Court during the sentencing process where, as here, the defendant entered a plea of guilty. The defendant takes the view that eligibility is determined without regard to the quantity of controlled substance found during the sentencing process but only by considering the quantity of controlled substance alleged in the Indictment. Neither view is correct.

---

[1] DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 254, p. 4, Table for Guideline Range Calculation).

For the reasons set forth in United States v. Mabry, 2019 U.S. Dist. LEXIS 192435, October 31, 2019, and United States v. Hardnett, ____ F. Supp.3d ____, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019), the Court concludes that Gilbert is eligible for a reduction under the First Step Act. That is because, before August 3, 2010, Gilbert violated a federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010.

The next question is whether to grant the requested modification of sentence and that is a matter of discretion which is to be exercised in accord with all of the facts in the case, including those set forth in the motion for reduction of sentence, those in the Presentence Report, or otherwise, those in the Statement of Facts accompanying the Plea Agreement, and the record of the case in its entirety. That, of course, means that, *inter alia*, the Court can consider the quantity of controlled substance proved by the record.

The record taken as a whole establishes that Gilbert was a leader of a substantial conspiracy that distributed extremely large quantities of crack cocaine and heroin in the Richmond area. The members of the conspiracy, including Gilbert, employed several other people in Richmond to distribute drugs and used seven different houses for that purpose. The organization was willing to use violence to carry out its operations and Gilbert supplied

3

firearms for the protection of the drug trafficking organization. In addition, Gilbert's criminal history category is VI.

The reply brief tendered by Gilbert (ECF No. 260) reflects that Gilbert has no reported violations of prison rules during the past 18 years and that he had only three minor violations in 2001. There is evidence that, while working in prison, Gilbert exhibited a good work ethic and took pride in his work. The record shows that Gilbert has taken a considerable number of classes and has attended a number of programs since he has been incarcerated in 1997. All of those activities (self-improvement and educational) are laudable and evidence effort toward rehabilitation on Gilbert's part.

Gilbert also notes that he is 68 years of age at the present time. That, he says, means that he is unlikely to commit further crimes especially considering that the past 22 years of his life have been spent in federal prison.

Having considered the entire record in the case, including the extensive distribution accomplished by the conspiracy of which Gilbert was one of the leaders; considering that his criminal history category is VI; considering the mitigating factors of his conduct while incarcerated outlined above; and, considering that, as the defendant acknowledges, the sentencing guidelines for the offenses of conviction would be the same today as they were when he was sentenced in 1998, even taking into account the adjustments

made by the Fair Sentencing Act of 2010, there is no warrant for the Court to exercise discretion to modify Gilbert's sentence.[2] The existing sentence is necessary to accomplishing the objectives of 18 U.S.C. § 3553(a), especially protection of the public and promoting respect for the law. For the same reasons, the five year period of supervised release will not be modified.

### CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 254) will be denied.

It is so ORDERED.

/s/ RεP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 18, 2019

---

[2] For the first time in his reply brief, Gilbert raises the argument about whether his sentence should be modified to avoid unwarranted sentencing disparity. To that end, he points to the fact that co-defendants, according to an inmate locator, have been released from prison, a fact which the defendant attributes to the likely grant of a motion for cooperation or other reason which are not explained. As the Government points out in its Sur-Reply (ECF No. 262), the defendant has not actually demonstrated that the co-defendants to whom he refers were actually similarly situated to Gilbert. There is nothing in the record that would suggest that the sentenced imposed on Gilbert should be modified to avoid unwarranted sentencing disparities.

5